UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN GONZALEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-65 |
| | § | |
| WAL-MART STORES TEXAS, LLC; dba | § | |
| WALMART TIRE & LUBE EXPRESS | § | |
| STORE #442, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Before the Court is "Plaintiffs' Motion to Remand and Motion for Attorney's Fees for Improper Removal" (D.E. 4).  Defendants have not responded to the Motion within the time allowed under Local Rule 7, so the Court looks to the Notice of Removal for their arguments and authorities.  For the reasons set out below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion.

This case involves the inspection and service of a 2004 Ford Expedition by Defendant Wal-Mart Tire & Lube Express, Store #442 (Wal-Mart) and its employees prior to an alleged tire failure and rollover accident that caused Plaintiffs' personal injuries.  Prior to removal, Plaintiffs had named as Defendants four individual employees of Wal-Mart who are alleged to have personally participated in the inspection and service of the Expedition.  D.E. 1, p. 40.  Also prior to removal, those individual Defendants were served with process and filed their Original Answer.  D.E. 1, pp. 51-57, 68-70.

Defendants removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that the individual Defendants, all of whom are non-diverse, were improperly joined. The removing party carries a heavy burden when attempting to prove fraudulent joinder. *See Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 259 (5th Cir. 1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. As Defendants have not asserted outright fraud, the Court focuses on the possibility that Plaintiffs may establish a cause of action against the individual Defendants who are admittedly non-diverse.

For their argument that the individual Defendants cannot be liable for the work done in the course and scope of their employment with Wal-Mart, they cite *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 315 (5th Cir. 2002); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996), *Solis v. Wal-Mart Stores East, L.P*., 617 F. Supp. 2d 476 (S.D. Tex. 2008), and *Morrow v. Wyeth*, 2005 WL 2621555, 2005 U.S. Dist. LEXIS 43194 (S.D. Tex. Oct. 13, 2005). While Defendants' cases stand for the proposition that the subject corporate employees—simply by being employees—do not have an independent duty that would support a negligence theory separate from the employer, the opinions do not insulate employees who are active participants in the events that are the basis of Plaintiffs' claims.

In *Great Plains*, the Fifth Circuit specifically recited that the individual at issue had recruited the plaintiff as a customer for the corporation's services. Noting that the

liability theory was predicated on the lack of quality of the services and not on the employee's recruitment efforts, that individual's recruiting relationship to the plaintiff was not part of the events on which liability was predicated. Thus the court found that there was no basis for recovery against that individual. Had that corporate officer been shown to have actively participated in the actual services at issue, the result very likely would have been different.

In *Leitch*, the Texas Supreme Court held, "A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." In *Leitch*, that independent duty was lacking because the duty to provide a safe workplace—the basis for liability there—is a nondelegable duty owed by the employer. *Leitch* has limited application outside such a scenario. The general rule in Texas has always been that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). *See also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837-38 (Tex. 2000) (applying this rule post-*Leitch*).

In *Solis*, liability against the Wal-Mart "John Doe" store manager (later alleged to be the department manager) was predicated on premises liability. The *Solis* court held that the department manager did not owe a duty under premises liability to the store customer who was injured. The opinion does not reflect any individual active participation by the department manager in the events by which the "slimy" substance

ended up on the floor.  Thus the court concluded that the department manager was improperly joined.  Here, however, this case does not involve premises liability and Plaintiffs have alleged the active participation of the individual employees.  Those allegations distinguish this case from *Solis*.

*Morrow* involved the joinder of pharmaceutical sales representatives in a case based on product liability and insufficient warnings accompanying the sale of the medication Enbrel.  The *Morrow* court held that the sales representatives were improperly joined because the pharmaceutical corporation had the nondelegable responsibility to provide proper directions and warnings for its pharmaceuticals.  The sales representatives did not owe a separate duty in that regard.  In addition, the plaintiffs had not alleged the identity of the prescribing physician to which the sales representatives had allegedly sold the medication.  Thus the court held that there was insufficient information on which the defendants could rely in preparing a defense.

Clearly, the *Morrow* facts are distinguishable from those here, in which there is no suggestion that Wal-Mart's duty was nondelegable and where the individual Defendants' active participation in the events at issue has been clearly disclosed such that they can prepare their defense.  This Court and others have previously distinguished the *Morrow* decision on the basis that the allegation of appropriate facts concerning active individual involvement in the claims at issue can raise individual liability.  *E.g.*, *Elmore v. Gorsky*, No. 2:12-CV-00347, 2012 WL 6569760 (S.D. Tex. Dec 17, 2012); *Carrion v. Ethicon Endo-Surgery, Inc*., 2011 WL 649596, *4 (S.D. Tex. Feb. 11, 2011).

Having distinguished the cases on which Defendants rely, the Court notes that the Fifth Circuit has cautioned against "pretrying" a case to determine removal jurisdiction. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).   A district court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Defendants have failed to sustain their burden to show that there is absolutely no possibility that Plaintiffs will be able to establish a cause of action against the in-state Defendants in state court.   Because the parties are not diverse, the Court GRANTS the Motion to Remand (D.E. 4) with respect to the request to remand.   The Court DENIES the Motion's request for attorney's fees.

ORDERED this 30th day of April, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE